**Michael ABBATIELLO,
et al., Plaintiffs,**

v.

**MONSANTO COMPANY,
et al., Defendants.**

**No. 06 Civ 0266(VM).**

United States District Court,
S.D. New York.

July 30, 2008.

**352**

James Kenneth Leader, Thomas M. Carney, Thomas Key Richards, Leader & Berkon LLP, New York, NY, Arthur John Siegel, Bond, Schoeneck & King, PLLC, Albany, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs have filed the instant motion to amend the Case Management Plan (the "Plan") to, among other things, set a focused discovery and briefing schedule on Monsanto Company, and Solutia, Inc. (collectively, "Monsanto"), and Pharmacia Corporation's (collectively with Monsanto, the "Pharmacia Defendants") affirmative defense of the doctrine of knowledgeability. Specifically, Plaintiffs seek a briefing schedule that initially would require briefing the Pharmacia Defendants' affirmative defense of knowledgeability (the "Knowledgeability Defense"), one of six proposed affirmative defenses, resulting in expedited discovery on this issue, while at the same time staying all other briefing, including that of defendant General Electric Company ("GE")[1] (collectively with the Pharmacia Defendants, "Defendants"), until the Knowledgeability Defense discovery is completed (the "Briefing Proposition"). For the reasons stated below, Plaintiffs' motion is DENIED with regard to their request for expedited discovery on the Knowledgeability Defense.

## I. BACKGROUND[2]

For approximately one year, the parties have extensively negotiated and jointly

Lawrence Perry Biondi, Law Offices of Lawrence P. Biondi, White Plains, NY, for Plaintiffs.

---

1. GE, unlike Che Pharmacia Defendants, does not assert the Knowledgeability Defense.

2. The factual summary below is derived from Plaintiffs' Memorandum of Law in Support of

their Motion to Vacate the June 9, 2008 Scheduling Orders and to Set a Focused Discovery and Briefing Schedule on the Pharmacia Defendants' Affirmative Defense of Knowledgeability, dated June 23, 2008; the

submitted Case Management Orders ("CMOs"). Between May 18, 2007, and April 25, 2008, counsel for the Pharmacia Defendants and Plaintiffs' counsel exchanged no less than ten draft CMOs, all modified *Lone Pine*[3] style orders, requiring Plaintiffs to come forward with proof of their prima facie claims at a reasonably early phase of the proceedings. By order dated June 9, 2008 (the "June 9 CMO"), at Plaintiffs' request, Magistrate Judge Andrew J. Peck modified the CMOs to give Plaintiffs a timeframe of four months for Plaintiffs to submit expert affidavits with respect to evidence of causation (the "Affidavits"). On June 23, 2008, Plaintiffs filed the instant motion to vacate the June 9 CMO, and for focused discovery on the Knowledgeability Defense. After considering the multiple number of parties and claims, and the complexity of the factual and legal issues entailed in this litigation, the Court, by order dated July 3, 2008, granted Plaintiffs' request to modify Magistrate Judge Peck's Order so as to amend the Plan and provided Plaintiffs with six months to submit the Affidavits (collectively with the CMOs and the June 9 CMO, the "Modified Plan").

Pharmacia Defendants' Memorandum in Opposition to Plaintiffs' Motion to Vacate Scheduling Orders and instead Focus the Case on the Affirmative Defense of Knowledgeability, dated July 8, 2008; and GE's Memorandum of Law in Opposition to Plaintiffs' Motion Seeking the Establishment of a Focused Discovery and Briefing Schedule Related to the Pharmacia Defendants' Sophisticated User Affirmative Defense, dated July 7, 2008.

3. "[A] *Lone Pine* Case Management Order, named for *Lore v. Lone Pine Corp.*, No. L-33606–85, 1986 WL 637507 (N.J.Super. Ct. Law Div. Nov. 18, 1986), ... requires that a plaintiff substantiate his cause of action before embarking on a costly lawsuit with numerous defendants and attorneys." *Morgan v. Ford Motor Co.*, No. 06 Civ. 1080, 2007 WL 1456154, at *7 (D.N.J. May 17, 2007). "*Lone Pine* orders 'are designed to handle the complex issues and potential burdens on defen-

## II. DISCUSSION

Plaintiffs argue that it is in the interest of judicial economy at this point of the instant action to focus discovery on the Knowledgeability Defense, and stay all other discovery until such discovery is complete. Specifically, Plaintiffs argue that the proceeding will be more efficient if the parties' discovery efforts concentrated solely on the issues of: (1) the extent and development of Monsanto's knowledge about polychlorinated biphenyls ("PCBs"); (2) what information Monsanto provided to GE about the use, recycling and disposal of PCBs; (3) the extent and development of GE's knowledge concerning PCBs; and (4) GE's handling, use and disposal of PCBs. Plaintiffs contend that the interests of judicial economy are better served by focusing on the Knowledgeability Defense at this stage of the litigation because resolution of this issue may result in the dismissal of this action against the Pharmacia Defendants. The Court disagrees.

 As noted above, the Modified Plan has been developed over the course of

dants and courts in mass tort litigation.' " *In re Vioxx Prod. Liab. Litig.*, 557 F.Supp.2d 741, 743 (E.D.La.2008) (*quoting Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir.2000)). "*Lone Pine* orders have been routinely used by courts to manage mass tort cases." *Id.* (citing *Acuna*, 200 F.3d at 340; *Burns v. Universal Crop Prot. Alliance*, No. 4:07Cv00535, 2007 WL 2811533 (E.D.Ark. Sep. 25, 2007); *Baker v. Chevron USA, Inc.*, No. 1:05-Cv-227, 2007 WL 315346, at *1 (S.D.Ohio Jan. 30, 2007); *In re Rezulin Prods. Liab. Litig.*, 441 F.Supp.2d 567, 570 (S.D.N.Y.2006); *In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 576 (S.D.Tex.2005)). Here, the CMOs are modified *Lone Pine* style orders because they require Defendants to submit document discovery without Plaintiffs having yet provided expert submissions proving up their prima facie claims.

more than a year of negotiations and agreements between the parties and orders of this Court and comprised of modified *Lone Pine* style CMOs. The purpose of *Lone Pine* style CMOs, requiring early individual causation expert evidence, is to protect defendants and the Court from the burdens associated with potentially non-meritorious mass tort claims. *See, e.g., Acuna,* 200 F.3d at 340 (1, 600–plaintiff case) ("The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to F.R.C.P. 11(b)(3)"). Here, Plaintiffs ask the Court to put aside the parties' agreed on and Court-ordered CMOs and require Defendants to conduct discovery on a single affirmative defense and to stay discovery on Plaintiffs' prima facie case. The Court, however, finds no persuasive ground to deviate from the Modified Plan for several reasons.

First, the Court granted Plaintiffs additional time for expert discovery at their request because of the complexities of the factual and legal issues entailed in this litigation, yet Plaintiffs seek expedited discovery for the Pharmacia Defendants' Knowledgeability Defense. For the same reasons, the Pharmacia Defendants should not be required to go through the burden and expense of marshalling through the evidence about the relationship between Monsanto and GE, and their use of PCBs on an accelerated basis, while Plaintiffs' discovery is stayed with respect to establishing their prima facie claims. This litigation involves hundreds of thousands of documents, and is comprised of complicated factual and legal issues that occurred over the course of more than forty years within a period which possibly ended over thirty years ago. Accordingly, it would be unfair to grant Plaintiffs additional time for discovery yet order Defendants to ex-

pedite and focus discovery on the Knowledgeability Defense.

Second, implementing the Briefing Proposition would result in prejudice to Defendants for three reasons. First, if the Court adopted the Briefing Proposition, Defendants would be prejudiced by derailing their defenses in this action and allowing the litigation to focus on a single affirmative defense. Second, as stated above, this case involves complex factual and legal issues. Since PCBs have not been manufactured or sold for more than three decades, many of the key fact witnesses are dead/ long-retired, or scattered throughout the country. Due to the passage of time, any remaining witnesses will need to receive and review historical documents to give meaningful testimony at deposition. Last, in reliance on the CMOs, which require the parties to complete discovery and submit dispositive motions by February 2, 2010, the Pharmacia Defendants have not yet attempted to discover the location of GE's former employees in order to ascertain who is still living and capable of testifying/ or sent document subpoenas to GE, or retained experts on the Knowledgeability Defense. Accordingly, the Briefing Proposition would prejudice the Pharmacia Defendants.

Third, Defendants have a right to defend the claims brought against them expeditiously and to obtain a speedy resolution. The Briefing Proposition, by staying all other discovery, would result in unduly delaying this litigation. Granting this motion would certainly delay the resolution of all numerous claims outstanding against GE and possibly other defendants in this action. If the Court were to deny summary judgment based on the Knowledgeability Defense, the delay will have done nothing more than postpone Defendants' opportunity to challenge the sufficiency of Plaintiffs' prima facie case and delay dis-

covery relating to other affirmative defenses. Even if the Court granted the Pharmacia Defendants' summary judgment on this issue, the case would still proceed against GE. Accordingly, the Briefing Proposition results in an undue delay of this litigation.

Fourth, Defendants would be unduly burdened by conducting discovery on an affirmative defense before discovery has been completed on Plaintiffs' prima facie claim. The Knowledgeability Defense is irrelevant if Plaintiffs cannot establish their prima facie case. The burden and expense of expedited discovery would be extensive simply due to the age of any remaining witnesses, the volume of the documents, and the length of the relationship between Monsanto and GE and their use of PCBs. Accordingly, the Briefing Proposition is unduly burdensome to Defendants.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 77) of plaintiffs for focused discovery and an updated briefing schedule relating to the defense of knowledgeability is DENIED.

**SO ORDERED.**